**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30278 |
| Plaintiff - Appellee, | D.C. No. 2:11 cr-6017 RMP |
| v. | |
| JORGE ARMANDO RIOS-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Submitted October 8, 2013[**]
Seattle, Washington

Before:     TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Defendant Jorge Armando Rios-Lopez appeals the district court's denial of

his motion to suppress evidence obtained from the search of a residence and from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

the GPS-tracking of his cellular telephone. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The magistrate judge's probable cause determination that it was reasonable to seek evidence and contraband in the residence was not clearly erroneous. *See United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc); *United States v. Alvarez*, 358 F.3d 1194, 1203 (9th Cir. 2004). Several indicia of reliability supported the informant's hearsay testimony cited in Detective Stohel's affidavit. *See United States v. Rowland*, 464 F.3d 899, 907-08 (9th Cir. 2006); *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986). The affidavit also tied Defendant to the residence and to narcotics sales there. *See United States v. Fernandez*, 388 F.3d 1199, 1254 (9th Cir. 2004). Because the magistrate judge had a substantial basis for concluding that probable cause existed, the district court properly denied Defendant's suppression motion. *See Illinois v. Gates*, 462 U.S. 213, 238–39 (1983).

2.      Even assuming, without deciding, that the officers' GPS-tracking of Defendant's cellular telephone constituted a search, and that the warrant authorizing this search issued without probable cause, the good-faith exception to the exclusionary rule still applies. Agent Stanley's affidavit established a "colorable argument" for probable cause, and the officers' reliance on the warrant

was objectively reasonable. *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007).  Suppression is therefore inappropriate. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

**AFFIRMED.**